NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Michael NUGENT,

    Plaintiff,

v.

COUNTY OF HUNTERDON and OFFICE OF THE HUNTERDON COUNTY PROSECUTOR,

    Defendants.

Civ. No. 09-2710

OPINION & ORDER

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon Defendant Office of the Hunterdon County Prosecutor's Motion to Dismiss[1] [docket #18]. The Court has decided the Motion upon the parties' written submissions and without oral argument. For the reasons given below, Defendant's Motion to Dismiss is GRANTED.

### BACKGROUND

Plaintiff, a Detective Sergeant with the Hunterdon County Prosecutor's Office, brings this lawsuit under 42 U.S.C. §§ 1981 & 1983 alleging that Defendants engaged in acts of racial discrimination and retaliation. Plaintiff also brings state law claims for intentional infliction of emotional distress, discrimination, violations of the New Jersey Conscientious Employee Protection Act, gross negligence, and bias intimidation. (Compl. ¶¶ 24-37.) Plaintiff alleges

---

[1] As Defendant has already filed an answer in this case, the motion technically should have been filed as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). However, the standards for evaluating the two motions are identical (*Revell v. Port Auth. of New York & New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010)), so the Court will simply disregard Defendant's error.

1

that, beginning in the summer of 2005, Prosecutor's Office employees committed numerous malicious acts against him, including circulating falsified humiliating photographs of him, threatening to fire him, and transferring him out of the grand jury unit. (*Id.* ¶¶ 7-14.) He further alleges that the Prosecutor's Office does not properly train its employees on the subject of racial discrimination and that the Prosecutor's Office has not adequately investigated complaints of racial discrimination. (*Id.* ¶ 29.)

Plaintiff commenced this action on June 3, 2009. On March 19, the parties signed a stipulation dismissing all claims against Defendant County of Hunterdon with prejudice, leaving the Prosecutor's Office as the only remaining defendant [docket #15]. The Prosecutor's Office has now moved to dismiss Plaintiff's claims, arguing that Plaintiff has failed to state a claim under federal law and that the state law claims should be dismissed for lack of subject matter jurisdiction.

## ANALYSIS

In his opposition brief, Plaintiff concedes that he has not stated a valid claim under 42 U.S.C § 1981 and that his claim under this statute should be dismissed. (Pl.'s Opp. Def.'s Mot. Dismiss 3, n.2.) The Court will therefore grant Defendant's Motion to Dismiss Plaintiff's § 1981 claim and consider only whether Plaintiff has stated a claim for relief under 42 U.S.C. § 1983.

42 U.S.C. § 1983 states: "every *person* who, under color of any state…causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..." (emphasis added). The Prosecutor's Office moves to dismiss Plaintiff's claim on the grounds that it is not a "person" amenable to suit under 42 U.S.C. § 1983. In response, Plaintiff argues that local government units are considered "persons" for purposes of § 1983 and can be

2

held liable for unconstitutional official policies or customs. *See Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff is correct that local government units can be sued under § 1983, but under New Jersey law, a county prosecutor's office does not have a separate legal existence apart from the individual prosecutors or the governmental entity that the prosecutors serve. *See e.g., El-Bey v. Peer*, No. 05-3765, 2006 U.S. Dist. LEXIS 3471, *18-19 (D.N.J. Jan. 26, 2006). Therefore, New Jersey courts have consistently held that a county prosecutor's office is not a suable entity under § 1983. *See*, *e.g.*, *Briggs v. Moore*, 251 Fed. App'x 77, 79 (3d Cir. 2007) (county prosecutor's office and police department are not "persons" within the meaning of § 1983); *West v. City of Jersey City Police Dept.*, No. 09-2836 2009 WL 2016221, *2 (D.N.J. July 7, 2009) (collecting New Jersey case law supporting this proposition); *Johnson v. city of Erie, Pa.,* 834 F.Supp. 873, 878 (W.D. Pa. 1993) (rejecting the contention that a city police department is a "person" for purposes of § 1983 and stating that "[t]he City of Erie Police Department is a sub-unit of the city government and as such, is merely a vehicle through which the city fulfills its policing functions").

Plaintiff's failure to appreciate the distinction between a county and a subdivision thereof is particularly unfortunate under the present circumstances because it appears from the record that Plaintiff originally commenced this lawsuit against the County of Hunterdon but then voluntarily dismissed his claims against the County with prejudice. The case law on this point is clear and unambiguous, however, and the Court is consequently obligated to dismiss Plaintiff's claim under 42 U.S.C. § 1983. Plaintiff's remaining state claims will be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, and for good cause shown, it is ORDERED that, on this 13th day of May 2010, Defendant's Motion to Dismiss [18] is GRANTED; and it is further

ORDERED that Plaintiff's claims against Defendant Office of the Hunterdon County Prosecutor are DISMISSED; and it is further

ORDERED that this case is closed.

*/s/  Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.